THIS LETTER IS TO CONFIRM OUR NOVEMBER 27TH PHONE CONVERSATION. AS I DISCUSSED WITH YOU AT THAT TIME, THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER AND THE INFORMATION WHICH YOU FORWARDED FROM MR. WILLIAMS RAISING THE FOLLOWING ISSUE:
 WAS THE CITY OF TULSA JUSTIFIED IN ITS REFUSAL TO DISCLOSE AN APPRAISERS REPORT TO A LANDOWNER IN CONJUNCTION WITH THE TAKING OF THAT LANDOWNER'S PROPERTY THROUGH EMINENT DOMAIN?
I HAVE REVIEWED THE CORRESPONDENCE BETWEEN MR. WILLIAMS AND THE TULSA CITY ATTORNEY'S OFFICE. I HAVE ALSO CAREFULLY CONSIDERED ALL OF THE APPLICABLE STATUTES. IN ADDITION, I HAVE BEEN IN EXTENSIVE COMMUNICATION WITH THE TULSA CITY ATTORNEY'S OFFICE AND WITH THE DEPARTMENT OF TRANSPORTATION (THE LAWYERS FOR WHOM ARE OBVIOUSLY WELL-EXPERIENCED WITH THE PROCEDURAL REQUIREMENTS OF PROPERTY ACQUISITIONS THROUGH EMINENT DOMAIN). FINALLY, I HAVE CONSULTED, INFORMALLY, WITH OTHER LAWYERS WITHIN THE ATTORNEY GENERAL'S OFFICE.
THE CITY OF TULSA HAS, APPARENTLY, EXPLAINED ITS REFUSAL TO DISCLOSE THE APPRAISER'S REPORT BY CITING 51 O.S. 24A.10(4), AN EXCEPTION TO THE OPEN RECORD'S ACT WHICH READS:
 IF DISCLOSURE WOULD GIVE AN UNFAIR ADVANTAGE TO COMPETITORS OR BIDDERS, A PUBLIC BODY MAY KEEP CONFIDENTIAL RECORDS RELATING TO:
 4. APPRAISALS RELATING TO THE SALE OR ACQUISITION OF REAL ESTATE BY A PUBLIC BODY PRIOR TO AWARD OF A CONTRACT;
 THE DEPARTMENT OF TRANSPORTATION, WHICH ALSO REFUSES TO DISCLOSE APPRAISERS' REPORTS IN EMINENT DOMAIN PROCEEDINGS, BASES THEIR REFUSAL ON 51 O.S. 24A.5(1)(A), ANOTHER EXCEPTION TO THE OPEN RECORD'S ACT WHICH READS:
 "1. THE OKLAHOMA OPEN RECORD'S ACT DOES NOT APPLY TO RECORDS SPECIFICALLY REQUIRED BY LAW TO BE KEPT CONFIDENTIAL INCLUDING:
 A. RECORDS PROTECTED BY A STATE EVIDENTIARY PRIVILEGE SUCH AS THE ATTORNEY/CLIENT PRIVILEGE, THE WORK PRODUCE IMMUNITY FROM DISCOVERY AND THE IDENTITY OF INFORMER PRIVILEGES;"
CLEARLY IN A NY EMINENT DOMAIN PROCEEDING, THE THREAT OF ENSUING LITIGATION IS VERY REAL INDEED. THE RATIONALE FOR APPLYING THE WORK PRODUCT EXCEPTION, THEN, IS CLEAR. IF THE LANDOWNER WHOSE PROPERTY IS BEING TAKEN BY EMINENT DOMAIN HAS RECEIVED A COPY OF THE STATE APPRAISER'S REPORT, IF LITIGATION RESULTS, THE LANDOWNER FINDS HIMSELF WITH A CONSIDERABLE ADVANTAGE. THE LAND-OWNER HAS A COPY OF THE STATE APPRAISER'S REPORT, A REPORT ON WHICH THE STATE WILL BASE ITS CASE AND WHICH WOULD BE UNDISCOVERABLE ABSENT A SHOWING OF HARDSHIP. THE STATE HAS NO WAY TO OBTAIN COMPARABLE INFORMATION ABOUT THE APPRAISALS ON WHICH THE LANDOWNER WILL RELY.
ALTHOUGH THE WORK PRODUCT EXCEPTION SEEMS TO BE THE BETTER JUSTIFICATION FOR A REFUSAL TO DISCLOSE THE APPRAISER'S REPORT, THE 24A.10(4) EXCEPTION, RELIED UPON BY THE CITY OF TULSA, PROVIDES SUFFICIENT JUSTIFICATION. UNDER THIS THEORY, THE WORD "COMPETITORS," AS USED IN 24.10(4), MUST BE VIEWED IN THE EMINENT DOMAIN CONTEXT. REALISTICALLY, IN THIS CONTEXT, THE STATE OR WHATEVER AGENCY IS INVOKING THE EMINENT DOMAIN POWER AND THE LANDOWNER MUST BE SEEN AS COMPETITORS. FOR WHILE THE AGENCY HAS A DUTY TO OFFER A FAIR PRICE TO THE LANDOWNER, IT ALSO OWES A DUTY TO THE TAX PAYERS TO OBTAIN THE PROPERTY AT THE LOWEST REASONABLE PRICE. THE LANDOWNER, ON THE OTHER HAND, WANTS TO SELL AT THE HIGHEST AND HOPEFULLY REASONABLE PRICE. THE TWO SIDES ARE, THEN, COMPETITORS IN A VERY REAL SENSE; ONE WANTS TO BUY LOW AND THE OTHER WANTS TO SELL HIGH. WITH THE REALITIES IN THE EMINENT DOMAIN CONTEXT IN MIND, THEN, 51 O.S. 24A.10(4) IS AN APPROPRIATE EXCEPTION.
ULTIMATELY WHETHER THE CITY OF TULSA, THE STATE, OR WHATEVER AGENCY IS INVOKING THE EMINENT DOMAIN POWER CHOOSES TO JUSTIFY ITS REFUSAL TO DISCLOSE AN APPRAISER'S REPORT EXPLICITLY ON THE BASIS OF 51 O.S. 24A.10(4) OR ON 51 O.S. 24A.5(1)(A), IT APPEARS THAT THIS REFUSAL TO DISCLOSE IS BOTH A STANDARD POLICY AND A JUSTIFIED ONE.
(REBECCA RHODES)